UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

RODERICK LEE DANGERFIELD                      CIVIL ACTION

VERSUS                                        NUMBER: 05-0650

LARRY DYSON, ET AL.                           SECTION: "N"(5)


**REPORT AND RECOMMENDATION**


    Roderick Lee Dangerfield, hereinafter referred to as plaintiff, has instituted suit on the standard form utilized by inmates for voicing complaints pursuant to 42 U.S.C. §1983. (Rec. doc. 1). He initially named as defendants herein the Tangipahoa Parish Jail, Deputy Larry Dyson and Deputy Carlos Triola. (Id.). The gravamen of plaintiff's complaint involves allegations that jail personnel failed to protect him from enemies also housed in the Tangipahoa Parish Jail. (Id.). Plaintiff is not proceeding in forma pauperis as he has paid the filing fee herein. (Id.).

    On October 11, 2006, plaintiff filed a motion to amend his original complaint. (Rec. doc. 42). The Court granted that motion

in part to the extent that it sought to remove the Tangipahoa Parish Jail and Deputy Carlos Triola as defendants herein. (Rec. doc. 41). The jurisprudence is well established that a parish jail is not a person under either Fed.R.Civ.P. 17 or under §1983 and, therefore, cannot stand in judgment in a civil action such as this one. Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 ( E.D. N.C. 1983); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 272 (E.D. Pa. 1976)(citing United States ex rel. Gittlemacker v. County of Philadelphia, 413 F.2d 84 (3rd Cir. 1969), cert. denied, 396 U.S. 1046, 90 S.Ct. 696 (1970).

Additionally, Deputy Carlos Triola had passed away as of the date of plaintiff's motion and could not stand in judgment at that point in time either. Furthermore, Deputy Triola was the booking officer at the Tangipahoa Parish jail at the time plaintiff was admitted to that facility. Plaintiff does not contend that Deputy Triola was present when he was harmed or that he assigned plaintiff to the residential living area where he was injured. There being no causal connection between the actions or inactions of Deputy Triola, plaintiff could not prevail against him under any circumstances. Harvey v. Andrist, 754 F.2d 569, 572 (5th Cir.), cert. denied, 471 U.S. 1126, 105 S.Ct. 2659 (1985); Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983); Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981).

Accordingly, of the initially named defendants only Deputy Dyson remains as a viable defendant and plaintiff admitted at the evidentiary hearing conducted by the Court that the correct name of the defendant that he wished to sue was Merlin, rather than Larry, Dyson. The Court will assume, arguendo, that Merlin and Larry Dyson are one and the same person.

The Court denied plaintiff's motion to amend filed on October 11, 2006 to the extent he sought to add Dr. Arthur Mauterer and Warden Randy Pinion as defendants. (Rec. doc. 41). At no point did plaintiff set forth facts in his initial complaint which implicated either of these two men in anything which occurred to him. Furthermore as the incident in question occurred on March 2, 2004, plaintiff's claims against either of these individuals were time-barred as of October, 2006 when the proposed motion to amend was tendered.

The Court conducted an evidentiary hearing to learn the precise facts pertinent to plaintiff's claims. Having done so, it appears that plaintiff cannot set forth a claim against Deputy Dyson upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. Pr., an issue which the Court can raise sua sponte. Guthrie v. Tifco Industries, 941 F.2d 374, 379 (5th Cir. 1991), cert. denied, 503 U.S. 908, 112 S.Ct. 1267 (1992). The defense has pled in its answer that plaintiff has failed to set forth a claim

upon which relief might be granted.  (Rec. doc. 17).

What appears clear is that plaintiff was transferred from the Hammond City Jail to the Tangipahoa Parish Jail on March 2, 2004. Upon his being screened by Tangipahoa Parish Jail personnel, plaintiff was asked if he had any enemies.  Plaintiff did not identify anyone specifically whom he felt would be dangerous to him.  He contends, however, that he told one of the booking deputies that "anybody from Hammond" might be his enemy. Nevertheless, plaintiff admits that he signed a document for jail personnel admitting that he was not in danger from anyone before leaving the booking area.  A copy of that booking document is annexed hereto.[1]/  Dangerfield now contends that he signed the document but did so without reviewing it.

Dangerfield was ultimately placed on dorm C-3 in the Tangipahoa Parish Jail.  When Deputy Dyson came on duty, plaintiff alleges that he spoke with the Deputy and told him that some unidentified individual on the tier would "jump" him. According to plaintiff, Deputy Dyson told him that his supervisor had instructed

---

[1]/ The specific pertinent questions on that form are:
   # 34, i.e., "Is there anything special that we should know for your welfare or protection?  If yes, indicate."  and
   # 37, i.e., "At this time is there any reason to believe the inmate is in danger to himself or could be harmed by other inmates?  If yes, notify supervisor."
   To both of these questions, plaintiff answered "No" and signed his name to the form.

4

him not to move anyone at that time.  Dangerfield admits that he did not specifically identify anyone to Dyson who was a potential enemy.  Nor did he specifically ask to be transferred into isolation or protective custody.

The Deputy then went into the pod, from where dorm activity is monitored.  At some point shortly thereafter, Arthur McGee allegedly threatened plaintiff.  Prior to that time, plaintiff did not know McGee or consider him a potential enemy.  McGee made no threatening actions toward plaintiff while Deputy Dyson was on the dorm.

According to plaintiff, McGee and some others, who are still unidentified, attacked him on the day plaintiff was placed on dorm C-3.  His medical records establish that he suffered a fractured nose, together with a mild degree of soft tissue swelling following the incident.  He was treated for this condition at Lallie Kemp Medical Center following the incident.  Plaintiff further contends that he received bruised ribs and loosened teeth as well.

As noted above, the only potential viable defendant herein is Deputy Dyson.  Qualified immunity has been pled by this defendant.  Under Fifth Circuit jurisprudence, in order to establish a failure-to-protect claim, an inmate must show that he was incarcerated: 1) under conditions posing a substantial risk of serious harm and that 2) prison officials were deliberately indifferent to his need for

protection.  In order to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists and he must also draw the inference.  <u>Hare v. City of Corinth</u>, 74 F.3d 633, 650 (5th Cir. 1996)(<u>en</u> <u>banc</u>); <u>Neals v. Norwood</u>, 59 F.3d 530, 533 (5th Cir. 1995).  Further, deliberate indifference must be viewed from the defendant's perspective at the time in question, not with hindsight's perfect vision.  <u>Jackson v. Everett</u>, 140 F.3d 1149, 1152 (8th Cir. 1998).

Here, there was nothing readily obvious about the alleged risk which plaintiff was subjected to which should have caused Deputy Dyson to take action.  The information which plaintiff allegedly shared with this Deputy did not involve a specific person or persons.  Based upon the information which plaintiff contends he provided, any movement of plaintiff, except to an isolation cell which he did not request, would not have alleviated the danger.

Accordingly, Deputy Dyson responded reasonably to any risk which plaintiff might have attempted to articulate.  As such, he cannot be held liable for any damage sustained by plaintiff as a result of the altercation which took place.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 844-45, 114 S.Ct. 1970, 1982-83 (1994).

## **RECOMMENDATION**

IT IS RECOMMENDED that the claims of Roderick Lee Dangerfield

against all defendants herein be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en</u> <u>banc</u>).

New Orleans, Louisiana, this  26th  day of  February , 2008.

                                        */s/ Alma L. Chasez*
                                        ALMA L. CHASEZ
                                  UNITED STATES MAGISTRATE JUDGE

```
Date  3/02/04         Tangipahoa Parish Sheriff's Office      MSQ600
Time 16:45:51              Medical Questionaire               DOROTHY
                        Inmate Number: 0013523

                    For: RODERICK DANGERFIELD
```

M 00001   Is the inmate conscious?
          Y

M 00002   Does the inmate have evidence of pain,
          bleeding, or evidence of infection
          suggesting need for emergency service?
          N

M 00003   Are there visible signs of trauma or
          illness requiring immediate emergency
          or medical care?
          N

M 00004   Is there obvious fever, swollen lymp
          nodes, jaundice or other evidence of
          infection which might spread thru jail?
          N

M 00005   Does the inmate appear to be under the
          influence of alcohol?
          N

M 00006   Does the inmate appear to be under the
          influence of Barbiturates, Heroin or
          other drugs?
          N

M 00007   Are there visible signs of alcohol/drugs
          withdrawal symptoms?
          N

M 00008   Does the inmates' behavior suggest the
          risk of suicide?
          N

M 00009   Does the inmates' behavior suggest the
          risk of assault to Staff or inmates?
          N

M 00010   Is the inmate carrying medication or
          report being on medication which should
          be administered or available?
          N

```
Date  3/02/04      Tangipahoa Parish Sheriff's Office      MSQ600
Time 16:45:51            Medical Questionaire              DOROTHY
                       Inmate Number: 0013523

              For:  RODERICK DANGERFIELD


   M  00011    Is the skin in good condition and free
               of Vermin?
               Y

   M  00012    Does the inmate wear glasses/contact
               lense?
               N

   M  00013    Does the inmate have a loss of sight?
               One eye? Both eyes?
               N

   M  00014    Does the inmate have any loss of limbs?
               If so, where?
               N

   M  00015    Is the inmate on crutches, wheelchair,
               walker, cane? Describe in comments.
               N

   M  00016    Does the inmate have a loss of hearing?
               Left ear? Right ear? Does he use a
               hearing aid? If yes, use comments.
               N

   M  00017    Are you presently taking medication for
               Diabetes, Heart Disease, Seizures, High
               Blood Pressure or any other illness?
               If yes, use comments.
               N

   M  00018    Do you have a special diet prescribed
               by a Physician? If yes, name of Doctor
               and Type of Diet.
               N

   M  00019    Do you have a history of Veneral disease
               or abnormal discharge?
               N

   M  00020    Have you recently been hospitalized or
               seen Medical or Psychiatric Doctor for
               any illness?
               N
```

```
Date  3/02/04        Tangipahoa Parish Sheriff's Office        MSQ600
Time 16:45:51              Medical Questionaire                DOROTHY
                         Inmate Number: 0013523

                    For: RODERICK DANGERFIELD
```

M 00021   Do you have any allergies? If yes, list type.
          N

M 00022   Have you recently fainted or had a head injury?
          N

M 00023   Do you have, or have you ever had: Tuberculosis, Epilepsy, Diabetes or Hepatitis?
          N

M 00024   Do you have a painful dental condition? If yes, explain.
          N

M 00025   Do you have any medical problem that we should know about? I yes, list type.
          N

M 00030   Do you use drugs? If yes, What type of drug taken, amount taken and last time taken?
          N

M 00031   If female, Are you pregnant?
          N

M 00032   If female, have you recently given birth?
          N

M 00034   Is there anything special that we should know for your welfare or protection? If yes, indicate.
          N

M 00035   Inmate was placed in "Holding Cell" for Medical Evaluation.
          N

M 00036   Inmate was placed in General Population?
          Y

```
Date  3/02/04       Tangipahoa Parish  Sheriff's Office      MSQ600
Time 16:45:51            Medical Questionaire                DOROTHY
                        Inmate Number: 0013523

                  For:  RODERICK DANGERFIELD


   M  00037    At this time is there any reason to
               believe the inmate is a danger to
               himself or could be harmed by other
               inmates? If yes, notify supervisor.
               N
```

SIGNED: _____   _____
              INMATE                    BOOKING OFFICER